■ THEODORE WHITE, Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.— Order, entered on June 9, 1969, denying defendant's motion to vacate or modify plaintiff's demand for a bill of particulars, and to strike his complaint for failure to serve proper answers to written interrogatories, affirmed, with $30 costs and disbursements to the plaintiff-respondent. As this court stated in *Baumgarten* v. *Lear* (26 A D 2d 932) : " Litigators would be well-advised not to spend their time or the court's on appeals that will not affect any substantial interest ". Concur — Capozzoli, J. P., McGivern, Markewich and Nunez, JJ.; McNally, J., dissents in the following memorandum: I vote to modify the order entered June 9, 1970 to the extent of striking from plaintiff's demand for a bill of particulars the following items: 6(a), 6(b), 7(d), 8(d), 11(a), (b) and (c). These items call for the disclosure of evidentiary detail which is not the office of. a bill of particulars. (*U.M.&M. Fin. Corp.* v. *Hirsch,* 16 A D 2d 770; McCullen, Bills of Particulars, §§ 47–48, and cases cited.)

■ PROFESSIONAL INSURANCE COMPANY OF NEW YORK, Appellant, v. D. GUERRINI-MARALDI, Respondent, et al., Defendants. PROFESSIONAL INSURANCE COMPANY OF NEW YORK, Appellant, v. DESMOND T. BARRY et al., Defendants. ROBERT CHAUT, Third-Party Plaintiff, v. D. GUERRINI-MARALDI, Third-Party Defendant-Respondent, et al., Third-Party Defendants.— Order, entered July 18, 1969, unanimously affirmed, without costs and without disbursements. In affirming, we construe the order as effective merely as a direction for payment of the sum mentioned therein as interim allowance for legal fees and disbursements incurred by defendant D. Guerrini-Maraldi in connection with his defense and the order shall not be effective in any way to · obligate the plaintiff to pay expenses, including attorneys' fees, thereafter incurred in the defense of the action. A subsequent application, if made, for a further allowance, shall be determined *de novo* on the basis of proceedings and facts then presented to the court. Furthermore, the determination here shall not have the effect in any way as a precedent for the granting of similar applications by other defendants but such applications, if made, shall also be determined on the basis of the proceedings and facts then presented to the court. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.